IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED IN OPEN COURT

JUN 28 2012

CHARLES R. DIARD, JR.
CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 12-00139-CG |
| | ) |
| JASON R. BRANNON, | ) |
| ROBERT M. BRANNON, and | ) |
| J & R PROPERTIES, LLC, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## INDICTMENT

The Grand Jury charges:

1.    JASON R. BRANNON, ROBERT M. BRANNON, AND J & R

PROPERTIES, LLC, are hereby made defendants on the charges stated in Counts

One and Two below.

## BACKGROUND

2.    During the period covered by this Indictment, when Alabama

homeowners defaulted on their mortgages, the mortgage holders, some of whom

were financial institutions, could institute foreclosure proceedings through a non-

judicial public real estate foreclosure auction ("public auction").  These public

auctions typically took place at the county courthouse.  At the auction, an

auctioneer sold the property to the bidder offering the highest purchase price.

Proceeds from the sale were then used to pay off the mortgage and other debt attached to the property. Any remaining proceeds were paid to the homeowner.

3. During the period covered by this Indictment, defendant JASON R. BRANNON, a resident of Mobile, Alabama, was engaged in the business of buying real estate at public auctions in the Southern District of Alabama and rehabilitating, selling, or renting the foreclosure properties for an economic benefit.

4. During the period covered by this Indictment, defendant ROBERT M. BRANNON, a resident of Laurel, Mississippi, was engaged in the business of buying real estate at public auctions in the Southern District of Alabama and rehabilitating, selling, or renting the foreclosure properties for an economic benefit.

5. During the period covered by this Indictment, defendant J & R PROPERTIES, LLC, was an entity organized and existing under the laws of the State of Alabama and with its principal place of business in Mobile, Alabama. Defendant J & R PROPERTIES, LLC, was owned by defendants JASON R. BRANNON and ROBERT M. BRANNON, and it was engaged in the business of buying real estate at public auctions in the Southern District of Alabama and rehabilitating, selling, or renting the foreclosure properties for an economic benefit.

6.      In January 2012, defendants JASON R. BRANNON, ROBERT M. BRANNON, and J & R PROPERTIES, LLC, entered into agreements with the United States in which it was stipulated that the period between January 11, 2012, and March 31, 2012, would be excluded from any calculation of time for the purpose of the statute of limitations period applicable to criminal charges against them.

7.      Various entities and individuals, not made defendants in this Indictment, participated as co-conspirators in the offenses charged herein and performed acts and made statements in furtherance thereof.  Whenever this Indictment refers to any act, deed, or transaction of any company, it means that the company engaged in the act, deed, or transaction by or through its officers, directors, employees, agents, or other representatives while they were actively engaged in the management, direction, control, or transaction of its business or affairs.

## COUNT ONE – BID-RIGGING CONSPIRACY

### (15 U.S.C. § 1)

8.      Each and every allegation contained in Paragraphs 2-7 of this Indictment is hereby realleged as if fully set forth in this Count.

## DESCRIPTION OF THE OFFENSE

9.      Beginning at least as early as October 2004, and continuing thereafter until at least August 2007, the exact dates being unknown to the Grand Jury, in the Southern District of Alabama and elsewhere, the defendants, JASON R. BRANNON, ROBERT M. BRANNON, and J & R PROPERTIES, LLC, and others known and unknown to the Grand Jury, entered into and engaged in a combination and conspiracy to suppress and restrain competition by rigging bids to obtain selected properties offered at public auctions in the Southern District of Alabama, in unreasonable restraint of interstate trade and commerce, in violation of the Sherman Act, Title 15, United States Code, Section 1. The combination and conspiracy charged in this Count was carried out, in part, within the five years preceding the return of this Indictment, excluding the period during which the statute of limitations was suspended pursuant to an agreement with the defendants.

10.     The charged combination and conspiracy consisted of a continuing agreement, understanding, and concert of action among the defendants and co-conspirators, to suppress competition by agreeing to refrain from or stop bidding against each other to purchase selected properties at non-competitive prices.

## MEANS AND METHODS OF THE CONSPIRACY

11.    For the purpose of forming and carrying out the charged combination and conspiracy, the defendants and co-conspirators did those things that they combined and conspired to do, including, among other things:

   a.    agreeing not to compete against each other to purchase selected properties;

   b.    designating which co-conspirator would bid on the selected properties and which co-conspirators would refrain from bidding; and

   c.    refraining from or stopping bidding for selected properties.

## TRADE AND COMMERCE

12.    During the period covered by this Count, the business activities of the defendants and their co-conspirators that are the subject of this Count were within the flow of, and substantially affected, interstate trade and commerce.  For example, financial institutions located in states other than Alabama received proceeds from the public auctions that were subject to the bid-rigging conspiracy.

ALL IN VIOLATION OF TITLE 15, UNITED STATES CODE, SECTION 1.

## COUNT TWO – CONSPIRACY TO COMMIT MAIL FRAUD

## (18 U.S.C. § 1349)

The Grand Jury further charges:

13.     Each and every allegation contained in Paragraphs 2-7 of this Indictment is hereby realleged as if fully set forth in this Count.

### DESCRIPTION OF THE OFFENSE

14.     Beginning at least as early as October 2004, and continuing thereafter until at least August 2007, the exact dates being unknown to the Grand Jury, in the Southern District of Alabama and elsewhere, the defendants JASON R. BRANNON, ROBERT M. BRANNON, AND J & R PROPERTIES, LLC, and others known and unknown to the Grand Jury, did willfully and knowingly combine, conspire, and agree with each other to violate Title 18, United States Code, Section 1341, namely, to knowingly devise and intend to devise and participate in a scheme and artifice to defraud financial institutions, homeowners, and others with a legal interest in selected properties, and to obtain money and property from financial institutions, homeowners, and others with a legal interest in selected properties by means of materially false and fraudulent pretenses, representations, or promises. The combination and conspiracy charged in this Count was carried out, in part, within the five years preceding the return of this

6

Indictment, excluding the period during which the statute of limitations was suspended pursuant to an agreement with the defendants.

15. The objects of the conspiracy were, among other things, to fraudulently acquire title to selected properties at artificially suppressed prices; to make payoffs to and receive payoffs from co-conspirators; and to divert money away from financial institutions, homeowners, or others with a legal interest in selected properties.

<u>MEANS AND METHODS OF THE CONSPIRACY</u>

16. For the purpose of forming and carrying out the charged combination and conspiracy, the defendants and co-conspirators did those things that they combined and conspired to do, including, among other things:

a. purchasing selected properties at public auctions at artificially suppressed prices;

b. negotiating payoffs with one or more co-conspirators in exchange for the agreements not to compete at public auctions;

c. conducting secret, second auctions, open only to members of the conspiracy, to bid for title to selected properties;

d.    awarding selected properties to co-conspirators who submitted the highest bids at the secret, second auctions;

e.    in some cases, transferring title to selected properties into the names of the co-conspirators who submitted the highest bids at the secret, second auctions;

f.    distributing payoffs to co-conspirators that otherwise would have gone to financial institutions, homeowners, and others with a legal interest in the selected properties, in an amount based on a predetermined formula agreed upon by the members of the conspiracy or through direct negotiations between co-conspirators;

g.    making and causing to be made materially false and misleading pretenses or representations to trustees and others involved in the auction and sale of the selected properties; and

h.    causing artificially suppressed purchase prices to be reported and paid to financial institutions, homeowners, and others with a legal interest in selected properties.

17.    For the purpose of executing the scheme or artifice to defraud or attempting to do so, the defendants and co-conspirators knowingly used and caused to be used the United States Postal Service and any private or commercial interstate carrier, in violation of Title 18, United States Code, Section 1349.  For example, the defendants and co-conspirators did, among other things, cause foreclosure deeds and other documents granting title to selected properties to be sent or delivered by the United States Postal Service or private or commercial interstate carriers.  Mailings such as these were knowingly caused by the defendants and their co-conspirators and were foreseeable to the defendants and their co-conspirators in the ordinary course of business.

OVERT ACTS

18.    In furtherance of the conspiracy and to effect the illegal objects thereof, the defendants and co-conspirators committed overt acts in the Southern District of Alabama and elsewhere, including, but not limited to, those acts stated in Paragraphs 16 and 17 of this Count.

ALL IN VIOLATION OF TITLE 18, UNITED STATES CODE, SECTION 1349.

Dated:                                          A TRUE BILL

                                                ████████████████

                                                FOREPERSON

SCOTT D. HAMMOND                                NEZIDA S. DAVIS
Deputy Assistant Attorney General for           Chief, Atlanta Field Office
Criminal Enforcement                            Georgia Bar No. 642083
Antitrust Division


JOHN F. TERZAKEN                                DEANA L. TIMBERLAKE-WILEY
Director of Criminal Enforcement                Maryland Bar
                                                Deana.Timberlake-Wiley@usdoj.gov


KENYEN R. BROWN                                 BROOKS MACKINTOSH
United States Attorney                          Georgia Bar No. 464115
Southern District of Alabama                    Brooks.Mackintosh@usdoj.gov

                                                CHINITA M. SINKLER
                                                Maryland Bar
                                                Chinita.Sinkler@usdoj.gov

                                                Trial Attorneys
                                                Atlanta Field Office
                                                Antitrust Division
                                                U.S. Department of Justice
                                                75 Spring Street, S.W., Suite 1176
                                                Atlanta, GA 30303
                                                Tel:   (404) 331-7100
                                                Fax:   (404) 331-7110